UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MECHELLE MONTGOMERY,

    Plaintiff,

v.                                                                                  CASE NO.:

SETERUS INC., a subsidiary of NATIONSTAR MORTGAGE, LLC., d/b/a MR. COOPER,

    Defendant.
_____/

## COMPLAINT

1. Unwanted "Robocalls" are the #1 consumer complaint in America today. Americans were bombarded with 4.6 billion robocalls last month that is 147.3 million per day, 6.1 million per hour and 1.7 thousand per second. [1]

2. The people complaining about harassing robocalls is increasing at an alarming rate.

3. Seterus, Inc., a subsidiary of NationStar Mortgage, LLC. d/b/a Mr. Cooper ("COOPER") robocalled Plaintiff approximately 200 times.

4. Seterus, Inc., a subsidiary of NationStar Mortgage, LLC. d/b/a Mr. Cooper has a corporate policy to robocall people thousands of times.

5. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

---

[1] YouMailRobocall Index, available at http://Robocallindex.com

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

6. Plaintiff, Mechelle Montgomery, alleges Defendant, SETERUS, robocalled her more than 200 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* and ("FCCPA"), Invasion of Privacy ("IOP").

7. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." *Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp.*, 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

8. The TCPA was enacted to prevent companies like SETERUS, from invading American citizens' privacy and prevent illegal robocalls.

9. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

10. According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11. This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. *Krakauer v. Dish Network, L.L.C.,* No. 18-1518, 2019 WL 2292196 at *2 (4th Cir. May 30, 2019)

## JURISDICTION AND VENUE

12. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

13. Violations described in this Complaint occurred while Plaintiff was in Nokomis, Florida.

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person and citizen of the State of Florida, residing in Nokomis, Florida.

15. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8) 15 U.S.C. § 1692(a)(3).

16. Plaintiff is an "alleged debtor."

17. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014); *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

18. SETERUS is a mortgage servicer with its principal place of business in North Carolina and was the most recent servicer of Plaintiff's Mortgage.

19. NATIONSTAR MORTGAGE LLC is a mortgage servicer and owner of MR. COOPER with is principal place of business 8950 Cypress Waters Boulevard, Coppell, Texas 75019.

20. Defendant, COOPER, is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

21. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(5).

22. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (832)-978-5078.

23. Plaintiff was the "called party" during each phone call subject to this lawsuit.

24. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

25. "Express consent" is narrowly construed by the Courts.

26. It is the Defendants' burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phone using an "automatic telephone dialing system" (ATDS).

27. It is the Defendant's burden to prove they had "express consent" per the TCPA to call the Plaintiff on her cell phone using an ATDS for each account they were calling on.

28. Defendant was put on notice Plaintiff did not want the Defendant contacting her. She was told that they would stop the calls but the calls continued.

29. Plaintiff expressly revoked any express consent Defendants may have mistakenly believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

30. Plaintiff advised the Defendant that she had settled her foreclosed mortgage in 2013, and therefore this debt was invalid. Plaintiff repeatedly requested the Defendant to stop calling her cell phone, however, the Defendant continued to make calls.

31. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

32. Defendant made at least one (1) call to (832)-978-5078.

33. Defendant made at least one (1) call to (832)-978-5078 using an ATDS.

34. Defendant made at least fifty (200) calls to (832)-978-5078.

35. Defendant made at least fifty (200) calls to (832)-978-5078 using an ATDS.

36. Each call the Defendant made to (832)-978-5078 in the last four years was made using an ATDS.

37. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

38. Each call the Defendant made to the Plaintiff was made using an ATDS, which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C § 227(a)(1).

39. The calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

40. Plaintiff's conversations with the Defendants putting them on notice that they did not want more phone calls was ignored. [2]

41. Defendant has recorded at least one conversation with the Plaintiff.

42. Defendant has recorded numerous conversations with the Plaintiff.

43. Defendant has made approximately two hundred (200) calls to Plaintiff's aforementioned cellular telephone number since in or about March 2016 which will be established exactly once Defendants turn over their dialer records.

44. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abusive robocalls.

45. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

46. By effectuating these unlawful phone calls, Defendant has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

47. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

48. Defendant's phone calls harmed Plaintiff by wasting her time.

49. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: *Rules Implementing the TCPA of 1991*, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the

---

[2] Defendant should have the call logs showing the exact number of calls and the reocdings which should illustrate exactly what was said to the Defendant.

battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

50. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendants may have mistakenly believed it had.

51. Defendant's corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

52. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

53. Defendant, Seterus, has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued civilly in Federal Court 71 times since 2016 (Attached hereto as Exhibit "A"). In addition, Nationstar has been sued civilly in Federal Court 185[ times since 2016 (Attached hereto as Exhibit "B").

54. In the last 3 years, the Defendant, Seterus, has had 180 complaints reported to the Better Business Bureau (BBB), of which 91 of those complaints are classified as being related to "Billing/Collection Issues." [3] In addition, NationStar Mortgage has had 1,324 complaints reported to the Better Business Bureau (BBB), of which 567 of those complaints are classified as being related to "Billing/Collection Issues." [4]

---

[3] *Seterus, Reviews & Complaints*, BETTER BUSINESS BUREAU, https://www.bbb.org/us/tx/lewisville/profile/mortgage-banker/seterus-inc-1296-22542531/complaints

[4] *NationStar Mortgage, Reviews & Complaints*, BETTER BUSINESS BUREAU, https://www.bbb.org/us/tx/coppell/profile/mortgage-broker/mr-cooper-0875-6002297/complaints

55. Since January 2016, Seterus has had 646 complaints classified under "Mortgage Loan" filed against it with the Consumer Financial Protection Bureau [5]. In addition, Nationstar Mortgage has had 1,741 complaints classified under "Mortgage Loan" filed against it with the Consumer Financial Protection Bureau. [6]

56. Plaintiff expressly revoked any consent Defendant may have mistakenly believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendant's placement of the calls.

57. Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

58. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

59. Defendant violated the TCPA with respect to the Plaintiff.

60. Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I

**(Violation of the TCPA)**

61. Plaintiff incorporates Paragraphs one (1) through sixty-one (61).

62. Defendant willfully violated the TCPA with respect to the Plaintiff each time they called the Plaintiff after she revoked her consent to be called by them using an ATDS or pre-recorded voice.

---

[5] *Consumer Financial Protection Bureau, https://www.consumerfinance.gov/data-research/consumer-complaints/search/?company=Seterus*

[6] *Consumer Financial Protection Bureau, https://www.consumerfinance.gov/data-research/consumer-complaints/search/?company=Nationstar Mortgage*

63. Defendant knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked her consent to be called by them using an ATDS or pre-recorded voice.

64. Defendant, Seterus, repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

65. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

66. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Defendant, Seterus, from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

## COUNT II

### (Invasion of Privacy – Intrusion Upon Seclusion)

67. Plaintiff incorporates Paragraphs one (1) through sixty-five (65).

68. Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

69. All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

70. Defendant's persistent autodialed calls to both her cellular phone and home telephone eliminated Plaintiff's right to be left alone.

71. Defendant's autodialed collection calls disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff during mealtimes, disrupted Plaintiff during her work, and continually frustrated and annoyed Plaintiff.

72. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cellular phone.

73. By calling both her home phone and cellular phone, Plaintiff had no escape from these collection calls either in her home or when she left the home.

74. By persistently autodialing Plaintiff's cellular phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

75. Defendant's harassing collection conduct and tactic of repeatedly auto dialing Plaintiff to both her cellular and home telephone after requests to stop is highly offensive to a reasonable person.

76. Defendant intentionally intruded upon Plaintiff's solitude and seclusion.

77. As a result of Defendant's action or inaction, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

    Respectfully submitted,

    s/William "Billy" Peerce Howard
    William "Billy" Peerce Howard, Esquire

Florida Bar No.: 0103330
Billy@theconsumerprotectionfirm.com
Amanda J. Allen
Florida Bar No.: 098228
Amanda@theconsumerprotectionfirm.com
The Consumer Protection Firm
4030 Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
Attorney for Plaintiff